## CARTER v JENKINS

Ohio Appeals, 9th Dist, Summit Co

No 2982. Decided Feb. 23, 1938

Scott A. Belden, Akron, for appellee.
Bailey & Bailey, Akron, and Richard P. Kelley, Akron, for appellant.

## OPINION

PER CURIAM:

This action in the trial court sought the recovery of $5,000 and interest upon a contract in writing claimed to have been entered into by plaintiff and defendant. The answer was a general denial.

From a verdict and judgment in favor of plaintiff, defendant has appealed to this court on questions of law.

The record discloses that for some time prior to July 1, 1923, plaintiff and defendant were partners in the real estate and insurance business. On July 1, 1923, plaintiff was appointed safety director of the city of Akron, which

appointment he accepted. On that date the partners agreed to dissolve the partnership, and divided certain physical assets between them.

On July 10, 1923, a contract prepared by plaintiff is claimed by him to have been executed by the parties. The terms of that contract gave to plaintiff the option, in consideration of the surrender of his license and turning over to defendant all of his interest in said partnership, to receive from the defendant, at the termination of his public service, the ownership of one-half of said partnership, or in lieu thereof the sum of $5,000 in cash.

The case was submitted to the jury under a charge concerning which no complaint is made.

Defendant claims, first, that the petition does not state a cause of action; second, that the alleged agreement was contrary to public policy; third, that there was no consideration to support said agreement; and, fourth, that the agreement lacked mutuality.

This court is of the opinion that the petition does state a cause of action, and that there is no evidence whatsoever supporting defendant's second contention.

As to defendant's third and fourth contentions, we are unable to unanimously agree that the jury's conclusions upon those questions are manifestly against the weight of the evidence.

The judgment of the trial court will be affirmed.

STEVENS, PJ, WASHBURN, J, and DOYLE, J, concur.